IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY E. BROWN, #36505 *
    Petitioner,
v. * CIVIL ACTION NO. ELH-14-1285

STATE OF MARYLAND *
    Respondent.
*****

**MEMORANDUM**

On April 15, 2014, this court received a letter from Gregory E. Brown ("Brown"), a detainee housed at the Central Booking and Intake Facility ("CBIF") in Baltimore, Maryland. Brown claims that he has been held at CBIF since February 17, 2014, and although his bail was paid, he has not been released. He further contends that his outstanding drug charge was closed and his admission to the state district court drug program has been postponed until April 29, 2014. ECF No. 1. He seemingly takes issue with his continued detention. The correspondence has been construed as a petition for writ of habeas corpus and shall be dismissed, without prejudice.

The state court docket reveals that Brown's drug charge filed in the Circuit Court for Baltimore City was stetted on April 3, 2014. He was represented by counsel during the pendency of the criminal case. *See State v. Brown*, Criminal Case No. 813274002 (Circuit Court for Baltimore City) (copy attached).

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490, 500 (1973). Brown does not contend that a state remedy is unavailable for his claims and a review of the cause of action and exhibits reveals that he has not exhausted his remedies. Therefore, this action must be dismissed for

the failure to exhaust available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

An inmate claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;

2. Appealing a decision by the Circuit Court to the Court of Special Appeals; and

3. Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Because Brown has not exhausted and complied with these procedures, his case will be dismissed, without prejudice. A separate Order follows.

Date: April 18, 2014                    /s/
                                        Ellen Lipton Hollander
                                        United States District Judge